## JOSHUA HENDY MACHINE WORKS *v.* PACIFIC CABLE CO.

[S. C. 33 Pac. Rep. 403.]

MECHANICS' LIEN—NOTICE—VARIANCE.—A notice of lien must correctly describe the property on which the lien is claimed. No lien can be enforced on lots in "Carter's Addition to Portland" when the notice described the property as lots in " Market Street Addition to Portland," — there is a fatal variance between the claim and the proof.

Multnomah County: LOYAL B. STEARNS, Judge.

This was a suit by the Joshua Hendy Machine Works, a corporation, to enforce a material man's lien on certain real property in the City of Portland. The Portland Cable Railway Company entered into a contract with the Pacific Cable Construction Company (called at head of the case the Pacific Cable Company), to construct a cable railway, and the Joshua Hendy Machine Works took a subcontract for furnishing the engines and pumps for the power house at the foot of Portland Heights. Some question arose about the payment for the work, and this suit was com-

menced against the Cable Railway Company, the Construc-
tion Company, and the Portland Savings Bank as the
trustee holder of certain mortgage bonds. The original
notice of lien described the property sought to be charged
as "Lots three (3), four (4), five (5), and six (6), in block
one (1), in Carter's Addition to the City of Portland," and
the same description was carried into the complaint. At
the trial, it developed that some of the blocks in Carter's
Addition had originally been lettered; that block B had
been subdivided and replatted many years before as Market
Street Addition; and that Carter's Addition and Market
Street Addition each had a block one containing lots num-
bered three, four, five, and six. At this point, a motion in
proper form was submitted to the trial court for leave to
amend the description in the complaint by striking out
"Carter's" and putting in its place "Market Street." This
motion was supported by the certificate of the referee, to
the effect that there was testimony before him tending to
show that the property sought to be charged with the lien
was in Market Street Addition, and not in Carter's Addi-
tion. There is a further statement in this certificate, to
the effect that the power house, owned and operated by the
defendant and appellant, the Portland Cable Railway
Company, was situated on lots three (3), four (4), five (5),
and six (6), in block one (1), of Market Street Addition
to the City of Portland; that the said defendant owned no
other power house in the County of Multnomah; and that
the work done and material supplied under the contract
referred to in the complaint was done upon and supplied
for the said power house, so situated in the said Market
Street Addition. This motion was allowed, and the case
then proceeded to judgment, the referee finding in favor of
the plaintiff upon all points; and that report, after argu-
ment upon exceptions to it, was confirmed by the trial
court, and a decree entered foreclosing the lien on the lots
in Market Street Addition. The Portland Savings Bank,

holding a mortgage that was admitted to have precedence
of the alleged lien, and the Cable Railway Company
appeal. The Pacific Cable Construction Company, the orig-
inal contractors, do not appeal. Reversed and dismissed.

*Thomas N. Strong*, for Portland Savings Bank.

The original notice of mechanics' lien on file in the
evidence shows that it was a lien on the lots in block one,
Carter's Addition, and certainly no order of court can so
authorize an amendment as to make an untrue copy supe-
rior to the original, especially when the original is on file
when the amendment is made. The order could not have
intended any such absurdity, and certainly cannot have
any such effect. This lien notice described certain lots in
Carter's Addition. After the description of the land comes
the description of the manner in which the demand arose,
viz: "That heretofore, to wit, on the eleventh day of Octo-
ber, 1889, the said Joshua Hendy Machine Company made
and entered into a contract with the Pacific Cable Con-
struction Company for the building and erection of four
boilers in the power house situate on the land of said
Portland Cable Construction Company for an agreed price
of eight thousand two hundred and ten dollars." This
reference to a power house, which is no part of the descrip-
tion of the premises affected, but merely a description of
the labor done, and the fact that the power house was sit-
uated on some land belonging to the Cable Railway Com-
pany (there is no statement that the power house is
situated on these lots) is relied upon to shift this lien from
block one, Carter's Addition, a well-known subdivision of
land, to block one, of Market Street Addition, a different
and equally well-known subdivision. In other words, the
searcher of titles must disregard the direct statement of
the lien notice, and must search the records to find what
lands are really owned by the party sought to be charged,
and must also go upon the ground and find out upon what

tract the improvements or structures are really situated. The question naturally suggests itself, why not dispense with the lien notice entirely, and make the structure itself the notice of lien?

*Ossian Franklin Paxton* ( *John W. Paddock* on the brief), for Portland Cable Railway Company.

The original complaint and the original notice of lien described the property sought to be charged as certain lots in Carter's Addition to Portland; that at the trial the complaint was amended so as to make the description read Market Street Addition. To support this amended complaint the plaintiff offered in evidence the original notice of lien, which was admitted over our objection. There is a fatal variance between the allegation and the proof, in that the notice describes an entirely separate and different piece of property from that described in the amended complaint.

The decree finds "that the plaintiff has a lien upon lots three (3), four (4), five (5), and six (6), in block one (1), in Market Street Addition to the City of Portland, and the power house situated thereon," and forecloses such lien. Plaintiff introduced evidence at the trial, against defendant's objections, going to show that the Portland Cable Railway Company had but one power-house, and that the same was situated upon the said lots in Market Street Addition, for the purpose of showing that the Market Street Addition property was the property intended to be described in the notice of lien. This was error on two grounds: *First,* because the original notice of lien described the lots as situated in Carter's Addition, and the description there made must stand; and, *second,* because the original notice does not claim lien on any power house. The language is that "the Joshua Hendy Machine Works  *  *  * proposes to and does claim a lien on the following described property, to wit: Lots

three (3), four (4), five (5), and six (6), in block one (1), in Carter's Addition to the City of Portland. \* \* \* That the said lien is claimed on the following described property, to wit: Lots three (3), four (4), five (5), and six (6), in block one (1), in Carter's Addition to the City of Portland, \* \* \* under our statute it is the building upon which the labor is performed or materials furnished, which is subject to the lien, with a sufficient amount of the land necessary for the use of the building. This lien notice does not claim any lien upon any building, nor describe any building, nor state that there is any building on the land described in the notice, nor that the railway company's power house is on the land described in the notice. The lien notice must not only describe the land sought to be charged, but it must also show that the building upon which the work was done is situated on the land. Failure to do this is fatal: *Warren* v. *Quade*, 29 Pac. Rep. 827; *Kezartee* v. *Marks*, 15 Or. 538.

There is a class of cases where the description does not show on its face the location of the property, and a party is permitted to show what the description means. The evidence in such cases is received, not for the purpose of importing into the writing an intention not expressed therein, but to elucidate the meaning of the words employed: 1 Am. & Eng. Enc. of Law, 532. A mere mistake is not a latent ambiguity, and when there is no latent ambiguity no extrinsic evidence can be received: *Idem*, 533.

*Milton W. Smith* ( *Walter S. Perry* on the brief), for Joshua Hendy Machine Works.

The variance between the description set out in the claim of lien and alleged in the complaint, and the description shown in the proof, is immaterial here because the controversy is between original parties, and no new parties or rights that can be affected by the result have intervened. The owner of the land, the appellant, has not been induced

or persuaded by the original mistake in the description to change or alter his position with reference to the lien in any manner. Even if the notice can be held bad as to contesting lienors (which we do not regard as settled law at all), it is fair and proper that it be held good as to the owners; and this upon the same principle that a deed void as to third parties by reason of a defective description is yet good as to the parties themselves. This fact, viz, that the contention is between the owner and subcontractor, and not between contesting lienors, is insisted upon in all the cases cited below; and the courts, under such circumstances, appear to find no difficulty in granting appropriate relief.

In *McLean* v. *Young*, 2 McArthur, 184, the description was, "lots A, B, C, D, and E, in the subdivision of original lot No. 2, in square 791, recorded in the office of the surveyor," etc. The lots sought to be charged with the lien were actually situated in square 971, and that was the square recorded at the place of reference.

In *Schmidt* v. *Gilson*, 14 Wis. 558, the description was, "N. W. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of section 18"; when the true description was, "N. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of section 7."

In *De Witt* v. *Smith*, 63 Mo. 263, the lien, as filed, described the building as situated on "lots 19 and 20, in block 2," in a certain addition to Kansas City, the error consisting in the misdescription of the block in question, which was "20" and not "2." It being shown that the owner had no other lots in the addition named, except lots 19 and 20, in block 20, and there being no conflicting claimants to be injured by the correction, the amendment was allowed. See also *Cleverly* v. *Mosely*, 148 Mass. 280; *Martin* v. *Simmons*, 11 Cal. 411 (18 Pac. Rep. 535); *Russell* v. *Hayden*, 40 Minn. 88.

The supreme court of Indiana has thus clearly stated the law applicable to the description of real estate in a deed, mortgage, or claim of lien: "Where the description

is so uncertain as to afford no reliable clue to a more definite and correct description, no title passes or lien is acquired, as the case may be; but that where the description, though too defective and insufficient of itself to identify any particular tract of land, can, nevertheless, be aided by proper averment and rendered definite and certain by the introduction of extrinsic evidence in support of such averment, it will be held to be sufficient for the purpose intended and a true description will be supplied at the hearing."

PER CURIAM.—This is a suit brought by the plaintiff to foreclose an alleged mechanics' lien. The complaint alleges that the plaintiff has a lien upon lots 3, 4, 5, and 6, in block 1, in Market Street Addition to the City of Portland. To prove this allegation, plaintiff introduced in evidence, against defendant's objection, a notice claiming a lien upon lots 3, 4, 5, and 6, in block 1, in Carter's Addition to the City of Portland, which is a different parcel of land. This is a fatal variance between the allegation and the proof. The notice of lien does not describe the property set forth in the complaint.

The decree is REVERSED and the COMPLAINT DISMISSED.